UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KYLE J. BURKE,

                        Plaintiff,

-against-

UNITED STATES ATTORNEY FOR THE
EASTERN DISTRICT OF NEW YORK,

                       Defendant.

22-CV-3687 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who is a resident of Brooklyn, New York, brings this *pro se* action under the Court's federal question jurisdiction, alleging that Defendant violated his rights in Brooklyn, New York. He sues the United States Attorney for the Eastern District of New York, and lists Brooklyn, New York, as Defendant's work address. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

       Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

       Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

       Plaintiff alleges that Defendant "lost custody" of a tape recording between Plaintiff and a "cooperating witness" and that Plaintiff later heard the recording being played outside his home

in Brooklyn, New York. (ECF 2, at 5.) Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under Section 1391(b)(1), (2). Plaintiff's claims arose in Brooklyn, Kings County, New York, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 9, 2022
         New York, New York

                                                          /s/ Laura Taylor Swain
                                                          LAURA TAYLOR SWAIN
                                                          Chief United States District Judge

2