UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

KYLE J. BURKE,

                Plaintiff,

     -against-                           **MEMORANDUM AND ORDER**
                                              22-CV-2868 (RPK) (RER)

UNITED STATES ATTORNEY FOR THE
EASTERN DISTRICT OF NEW YORK,

                Defendant.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Kyle J. Burke brings this action against the U.S. Attorney for the Eastern District of New York. *See* Compl. (Dkt. #2). Plaintiff's request to proceed *in forma pauperis* is granted. But his amended complaint is dismissed without prejudice because he fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a).

## BACKGROUND

Plaintiff claims that defendant violated his constitutional rights by engaging in "prosecutorial misconduct through outsized damages." Compl. 2. In the facts section of the complaint, he then alleges that defendant "lost custody of a taped recording of a cooperating witness and myself," which plaintiff "heard . . . at approximately 3 AM [on May 5] outside my open window whilst attempting to fall asleep." *Id*. at 5. As for relief, plaintiff asks "that the court double the money damages most recently agreed upon in arbitration." *Id*. at 6.

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which

relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8).

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotations and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

## DISCUSSION

This complaint is dismissed under Section 1915 because plaintiff fails to state a claim. Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain" a "short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Those statements must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (quotations omitted). That goes for *pro se* plaintiffs as well. "While we construe *pro se* pleadings liberally, 'the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.'"

2

*Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004)). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative, . . . to dismiss the complaint." *Ibid.* (quotations omitted).

Here, the amended complaint does not give fair notice of plaintiff's claim and the grounds upon which it rests. Plaintiff appears to fault defendant for seeking "outsized damages" while prosecuting him, *id*. at 2, but it is not clear what defendant prosecuted plaintiff for, when defendant prosecuted plaintiff, why the damages were outsized, or how this prosecution relates to the "lost . . . recording," *id*. at 5. Nor is it clear what arbitration agreement plaintiff refers to or how it relates either to the alleged pursuit of outsized damages or the lost recording. *Id*. at 6. Finally, it is unclear whether plaintiff simply seeks an increase in his arbitration award, or separate damages arising from a new claim. Accordingly, plaintiff's complaint is dismissed without prejudice. This dismissal does not reflect a determination of the merits of any claim.

Plaintiff is advised that the Federal *Pro Se* Legal Assistance Project offers a free service that provides legal counseling. The project is run by the City Bar Justice Center of the New York City Bar Association. Plaintiff may contact the project at (212) 382-4729.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice. Plaintiff may file an amended complaint within 30 days. The new complaint must be captioned "Amended Complaint" and shall bear the same docket number as this order. All further proceedings are stayed for 30 days. If plaintiff does not file an amended complaint within 30 days, judgment shall be entered dismissing the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be

taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      SO ORDERED.

                                                   /s/  *Rachel Kovner*
                                             RACHEL P. KOVNER
                                             United States District Judge

Dated:       June 8, 2022
               Brooklyn, New York